Harold B. WARNELL, Appellant,

v.

UNITED STATES of America,
Appellee.

No. 18391.

United States Court of Appeals
Fifth Circuit.

June 27, 1961.

Louis A. Thompson, Savannah, Ga.,
for appellant.

William C. Calhoun, U. S. Atty., Augusta, Ga., Meyer Rothwacks, Atty., Dept. of Justice, Washington, D. C., J. Lee Rankin, Sol. Gen., Washington, D. C., Charles K. Rice, Asst. Atty. Gen., Richard B. Buhrman, Washington, D. C., for appellee.

Before JONES and BROWN, Circuit Judges, and CONNALLY, District Judge.

CONNALLY, District Judge.

At all times material hereto, Kyle B. Smith was Sheriff of Bryan County, Ga. In the course of an investigation of his income tax liability for the years 1954 to 1958, the Internal Revenue Agents, acting under § 7602 of Title 26 U.S.C.A., caused a summons to be issued to the appellant, Harold B. Warnell, directing that he appear and give testimony as to the tax liability of Smith. During the time in controversy, Warnell was Clerk of the Superior Court of Bryan County, Ga., and of the City Court of Pembroke, Ga.

Pursuant to the summons, appellant appeared, but failed to answer any of the questions propounded. He claimed that his answers might tend to incriminate him, and relied on his Fifth Amendment privilege. Thereupon, the U. S. Attorney, proceeding under 26 U.S.C.A. § 7604, sought enforcement in the U. S. District Court for the Southern District of Georgia. The District Judge issued an attachment against appellant, and directed that he appear and show cause why he should not give answer to a series of twenty-two questions propounded, in writing, by the Internal Revenue Agents. After overruling various preliminary motions of the appellant, the Court proceeded to a hearing, took evidence, and filed findings of fact and conclusions of law. Despite his claim of privilege, appellant was directed to answer all of the twenty-two questions on pain of punishment for contempt.

Appellant continued in his refusal. A stay was granted; supersedeas was allowed; and the matter is properly here for review.

The background of the matter, as reflected by the evidence before the District Court, shows that Warnell himself had been subject to an examination by the Internal Revenue Service several months prior to the date of the summons. However, the Government gave assur-

ance that this was incidental to the examination of Smith; that Warnell was not then under investigation; and that no tax charges were then pending, or contemplated, against Warnell.

Without a full recitation of the loosely-framed and duplicitous questions, the following summary should suffice. Warnell was asked to identify himself, and the official positions which he held. He was asked to state the procedure followed by his office in collecting official moneys (from fees of office, forfeiture of cash bonds deposited by traffic violators, etc.), and to describe the payments made by the office of the Clerk to the Sheriff. Warnell was also asked whether he had received money from Smith, in his official capacity or otherwise, during the years in question. He further was asked to identify a number of papers or documents which, from the questions propounded, appear to have been original records of the Clerk's office, or copies thereof.

While the matter was pending here on appeal, the Solicitor General of the United States filed a motion to withdraw the brief of the United States, and asked for reversal of the judgment, for remand, and for dismissal of the petition for enforcement. This motion was taken for consideration with the case on its merits. On oral argument, this position of the Department of Justice was tempered to a considerable extent, it being the then position of the Department that the Trial Court had erred in directing that appellant answer *all* of the questions, in that there were some as to which his claim of possible self-incrimination was well-founded.

With this position, and to this extent, we are in accord. Without trespassing upon the obligation of the Trial Court to consider the propriety of the claimed privilege as to each question, in the light of the circumstances reflected by the evidence, it is sufficient to say that we think it clear that as to some of the questions the witness should not be compelled to answer. Hoffman v. United States, 341 U.S. 479, 71 S.Ct. 814, 95 L.Ed. 1118; Ballantyne v. United States, 5 Cir., 237 F.2d 657.

We think it equally clear that, as to certain of the other questions, the claim of privilege was not well taken. For example, in the light of the record before the Trial Court, we are unable to see any justification for appellant's refusal to produce or identify the official records of his office relating to the procedures under which official moneys were paid by his office to the Sheriff of Bryan County, pursuant to the statutes and laws of the State of Georgia. Rogers v. United States, 340 U.S. 367, 71 S.Ct. 438, 95 L.Ed. 344; Shapiro v. United States, 335 U.S. 1, 68 S.Ct. 1375, 92 L.Ed. 1787; Wilson v. United States, 221 U.S. 361, 31 S.Ct. 538, 55 L.Ed. 771. It is the function of the Trial Judge to determine those individually as to which the claim of privilege has merit.

We have examined the other points raised by appellant[1] and find them to be of insufficient merit to warrant discussion here.

The judgment is reversed, and the action remanded for further action by the District Court in compliance herewith.

Reversed and remanded.

[1] Among the points raised by appellant are the contentions that (1) the action is, in fact, one against the State of Georgia, because access is sought to Warnell's official records; (2) the Federal Government was seeking to make improper use of the property belonging to the State, without compensation, in that Warnell's office was designated as the place wherein the interrogation should take place; and (3) the Judge who tried the case should have disqualified himself because in advance of the trial, and in preparation therefor, he read the record of the earlier proceedings.